IN RE ESTATE OF PETERSON : BOWERS, TAX COMMR., APPELLANT, *v.* PETRICH ET AL., EXRXS., APPELLEES.

(No. 1138—Decided January 9, 1963.)

*Mr. Mark McElroy,* attorney general, for appellant.
*Messrs. Moore, Myers & Parsell,* for appellees.

448

GUERNSEY, P. J.   This is an appeal on questions of law from a judgment of the Probate Court of Marion County overruling exceptions filed by the Tax Commissioner to a determination of the succession tax due from the devisees and legatees of one Bernhard Peterson, deceased.

On Peterson's death he devised to his widow his undivided one-half interest in the real property where he resided, which interest was valued for tax purposes at $18,500.   The balance of his estate, both real and personal, was given one half to his widow and one fourth to each of his two daughters.

In its original determination of succession tax the court found the following amounts:

| | |
|---|---:|
| Personal property (including $68,862.91 claimed to be included in successions taxable under the succession tax laws of the province of Ontario, Canada) | $358,873.03 |
| Real property (all located in Ohio and including decedent's $18,500 interest in his home property) | 191,600.00 |
| Gross estate | $550,473.03 |
| Deductions (debts and costs of administration) | 164,371.59 |
| Net taxable estate | $386,101.44 |

Decedent's widow renounced and declined to accept from the estate any interest in and to $9,628.71 of personal property in the estate which included $4,515 of personal property claimed to be included in successions taxable under the succession tax laws of Ontario, Canada.   The court considered the renounced assets as passing in equal shares to the two daughters, and determined that the widow's total taxable succession amounted to $192,672.01 and each daughter had a total taxable succession of $96,714.71.   From the Ohio succession tax which would otherwise be due, the Probate Court allowed, for succession tax allegedly paid to the province of Ontario, credits of $1,377.25 to the widow and of $516.47 to each of the daughters, or a total credit for all successions of $2,410.19.

These credits were arrived at by recomputing the Ohio tax on the widow's succession as if one half, or $34,431.45, of the Canadian assets were never in the estate, by recomputing the tax on each daughter's succession as if one fourth, or $17,215.72, of Canadian assets were never in the estate, and by then deducting the resultant taxes from those computed with the Canadian assets included.

The Tax Commissioner assigns error as a matter of law in this credit computation, claiming that same results in each case in a credit computed on the highest tax bracket only, as illustrated by the following computation made by the Probate Court relating to the widow's succession:

Succession with Canadian assets:

| | | | | |
|---|---|---|---|---|
| Tax on $10,000 personal exemption— | $ | -0- | | |
| " " next $15,000 @ 1% | — | 150.00 | | |
| " " " 75,000 @ 3% | — | 2250.00 | | |
| " " " 92,672.01 @ 4% | — | 3706.88 | $6106.88 |

Succession without Canadian assets:

| | | | | |
|---|---|---|---|---|
| Tax on $10,000 personal exemption— | $ | -0- | | |
| " " next $15,000 @ 1% | — | 150.00 | | |
| " " " 75,000 @ 3% | — | 2250.00 | | |
| " " " 58,240.56 (92,672.01 less 34,431.45) @ 4% | — | 2329.60 | 4729.60 |

Difference or credit   $1377.28

It is further objected by the Tax Commissioner that this type of computation does not attribute any part of the personal exemption to the foreign assets nor does it make any of the debts of the decedent or costs of administration a charge against the foreign assets.

On the other hand the Tax Commissioner contends that the credit for payment of foreign tax should be determined by a formula which he claims has been applied for 43 years, specifically:

450

$$\text{Credit} = \frac{\text{Gross foreign assets}}{\text{Gross assets}} \times \frac{\text{Ohio tax computed on}}{\text{total successions}}$$

$$\text{Thus, credit} = \frac{\$68,862.91}{\$550,473.03} \times \$11,129.76 = \$1,392.33$$

Both appellant and appellees acknowledge that this is a case of first impression. The specific statute herein applicable, Section 5731.08, Revised Code, reads as follows:

"After the Probate Court has determined, or when it is determining, the tax in the manner provided in Sections 5731.01 to 5731.56, inclusive, of the Revised Code, on the succession to property from a resident of this state, if it appears that an inheritance or succession tax has been assessed and paid in another state or country on the succession to any part of such property, the court shall allow the successor by whom such tax has been paid a credit of the amount paid by him or in his behalf in such other state or country, this credit to be applied on the tax assessed under such sections. *The amount of credit allowed shall not exceed the amount assessed or paid in this state on the succession of such successor in the property so subject to tax elsewhere.*" (Emphasis added.)

In our opinion this statute is sufficiently specific in its command that we need not resort to the rule sometimes applied that long standing administrative practice will ordinarily be followed when the command of the statute is indefinite and doubtful.

The polestar of this decision, as well as most decisions relating to the Ohio inheritance tax, is that it is a *succession* tax, *i. e.*, the tax is payable by a person who succeeds to property and is computed on the value of the property to which he succeeds. There is no tax computed on the value of property which does not pass to a successor nor may any formula be applied in such manner as to produce a tax computed on the value of property which does not pass. On the other hand, except by operation of the personal exemption, the entire succession is subject to tax to the full extent of the value of the property passing.

For these reasons, in the determination of the tax there

must first be deducted both the debts of the decedent and the expenses of administration. Any property consumed, or to be consumed, in the payment of these obligations does not pass to a successor and is not included in a taxable succession. A testator's debts and charges against his estate are paid from property in the manner provided by his will. In the absence of provisions in the will, these charges are first paid from property other than that specifically bequeathed or devised, and personal property is ordinarily exhausted before resort to real property. In the event of intestacy, personal property is also first exhausted. See *Tax Commission, ex rel. Price, Atty. Genl.,* v. *Lamprecht, Admr.,* 107 Ohio St., 535; *Campbell, Exr.,* v. *Lloyd,* 162 Ohio St., 203; and *Ginder* v. *Ginder,* 72 Ohio Law Abs., 277.

There being no statutory provision to the contrary, the value of the property remaining after the charges against the estate, be it personal or real, or both, and except for that exempt, then generates Ohio succession tax proportionately in all brackets to which the total succession is applicable. For instance, if a succession consists of $15,000 of real property and $15,000 of personal property, the value of the real property generates as much tax in the lowest bracket as does the value of the personal property, and the value of the personal property generates as much tax in the next higher bracket as does the value of the real property. Likewise, the exemption operates to be applicable proportionately to the value of all property, or types of property, included in the succession.

The statute herein involved limits the amount of credit which shall be allowed for payment of a succession tax to another state or country to an amount which "shall not exceed the amount *assessed or paid* in this state on the succession of such successor in the property so subject to tax elsewhere."

In our opinion the determination of such maximum credit does not therefore involve a computation of the difference between that tax which would be paid in Ohio if the foreign property were included in the succession and that tax which would be paid in Ohio if the foreign property were not included but, instead, involves solely a determination of the amount of tax assessed by Ohio by reason of the inclusion in the succession of property which is also included in a succession subject to the

foreign tax, or, in other words, involves merely a determination of the amount of tax generated in Ohio by reason of such "foreign" property. Since it is generated proportionately in all brackets, the credit must likewise be determined proportionately to all brackets, and the personal exemption must be proportionately applied.

In our opinion this actually involves a fairly simple computation in accordance with the following formula:

$$\frac{\text{Value of assets subject to foreign tax actually succeeding or passing to individual successor of Ohio estate.}}{\text{Value of all assets actually succeeding or passing to individual successor of Ohio estate.}} = \frac{\text{Maximum credit to be allowed for succession tax paid by same successor to foreign jurisdiction on same "foreign" assets.}}{\text{Total succession tax which would otherwise be due from same successor to Ohio on his entire succession.}}$$

It is implicit in both the numerator and the denominator of the left side of the above equation that any assets which have been consumed in payment of charges against the estate and which are not included in the succession are excluded from the value of the succession. It is also implicit in each of the elements of the entire equation that there must be an identity of assets and succession, i. e., credit may be had for taxes levied on a succession by a foreign jurisdiction only to the extent that identical assets pass to the identical successor in Ohio. Of course, it must be emphasized that for there to be a credit at all under the statute in question the tax in the foreign jurisdiction must be a *succession* tax and not an *estate* tax.

Stated in a narrative form, the maximum credit to the Ohio succession tax to be allowed under the provisions of Section 5731.08, Revised Code, to a person succeeding to property of an Ohio resident which is identical to that property included in a succession subjected to a succession tax by a foreign jurisdiction shall be that proportion of the total Ohio succession tax which would be due and payable on the entire Ohio succession of such successor if the succession were subject only to the Ohio succession tax, as the value of the property included in the suc-

cession subject to the foreign succession tax bears to the value of all the property included in the succession which would otherwise be subject to the Ohio succession tax.

For the reason that the Probate Court did not compute the credit allowable in accordance with the formula hereinbefore set forth, including its failure in its computation of credits to exclude from the mother's succession and include in the succession of each of the daughters the value of the Canadian assets renounced by the mother, this court must reverse and vacate the judgment of the lower court overruling the exceptions filed to its determination.

We cannot, however, enter final judgment determining the tax credit herein for the reasons that the record before us does not show specifically that the Ontario tax was a succession tax *paid by each of the successors*, that the specific property and values thereof taxed to each successor is not shown, nor does it appear which part, if any, of the property in the successions taxed under the Ontario laws has been, or will be, consumed by payment of the charges against the estate. For these reasons the cause is remanded to the Probate Court with instructions to sustain the exceptions and for a new trial to determine the credits due to the respective successors in accordance with the formula last hereinbefore mentioned.

*Judgment reversed and cause remanded.*

MIDDLETON and YOUNGER, JJ., concur.